Anastasio CARLOS–MARTINEZ,
Petitioner,

v.

Janet RENO, Attorney General of the
United States of America,
Respondent.

No. 00–3033.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Jan. 15, 2002.

Opinion filed April 25, 2002.

Before ALITO and ROTH, Circuit
Judges SCHWARZER *, District Judge.

OPINION

ROTH, Circuit Judge.

Petitioner Anastacio Carlos–Martinez, a native and citizen of Honduras, seeks review of an Order of the Board of Immigration Appeals (Board), denying his motion to reopen proceedings. On May 14, 1998, the Immigration Judge found Carlos–Martinez removable on charges of fraud or willful misrepresentation of material fact, see 8 U.S.C. § 1182(a)(6)(C)(i), and lack of a valid visa, see 8 U.S.C. § 1182(a)(7)(A)(i)(I). Carlos–Martinez admitted the allegations charged and requested voluntary departure. The Immigration Judge granted the application for voluntary departure until August 12, 1998, pursuant to section 240B of the Immigration and Nationality Act, see 8 U.S.C. § 1229c, and in the alternative, if Carlos–Martinez did not comply with the voluntary departure, ordered Carlos–Martinez deported to Honduras. On July 15, 1998, Carlos–Martinez filed a motion to reopen his removal proceedings for the purpose of applying for asylum, withholding of removal, and relief under the United Nations Convention Against Torture (UNCAT). On August 11, 1998, the Immigration Judge denied the motion to reopen. Carlos–Martinez filed a timely appeal to the Board. On December 20, 1999, the Board affirmed the Immigration Judge's decision to deny Carlos–Martinez's motion. This petition for review followed.

This Court has jurisdiction to hear Carlos–Martinez's petition for review of his claims of withholding of removal and relief under UNCAT pursuant to 8 U.S.C. § 1252. In his petition, Carlos–Martinez alleges that the Board abused its discretion by failing to consider his UNCAT claim. According to the regulations implementing UNCAT, when an "Immigration Judge determines that the alien is more likely than not to be tortured in the country of removal, the alien is entitled to protection under the Convention Against Torture." 8 C.F.R. § 208.16(c)(4) (2002). Carlos–Martinez claims that the evidence before the Immigration Judge supports a prima facie case for torture, and, therefore, justifies the reopening of his claim under UNCAT. In particular Carlos–Martinez argues that the Board ignored this evidence, and therefore abused its discretion. We review the Board's decision

---

* Honorable William W Schwarzer, Senior District Judge for the Northern District of California, sitting by designation.

to deny reopening for abuse of discretion, mindful of the "broad" deference the Supreme Court would have us afford. *Xu Yong Lu v. Ashcroft,* 259 F.3d 127, 131 (3d Cir.2001). On review of the record, we find that the Board had substantial evidence to support the dismissal of Carlos–Martinez's appeal and, therefore, did not abuse its discretion.

Carlos–Martinez also claims that the Board abused its discretion by refusing to reopen his claim for withholding of removal pursuant to section 241(b)(3) of the Immigration and Nationality Act. See 8 U.S.C. § 1231(b)(3). Carlos–Martinez argues that the record does not support the Board's finding that Carlos–Martinez agreed to go back to Honduras. In order for Carlos–Martinez to be allowed to reopen his claim for the purpose of withholding of removal, he is required to provide a reasonable explanation for his failure to apply for relief during the initial proceedings. See 8 C.F.R. § 208.4(b)(3)(ii)(2002). As with Carlos–Martinez's first claim, we find that based on the evidence, the Board did not abuse its discretion in its denial of Carlos–Martinez's request to reopen his claim and its determination that Carlos–Martinez agreed to return to Hondus. For the foregoing reasons, the petition to review the decision of the Board of Immigration Appeals is denied.